IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN OHIO – EASTERN DIVISION

| | |
|---|---|
| XENIOS, LLC, a New York Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> POS SOLUTIONS, LLC, d/b/a INTEGRITY POS, a Kansas Limited Liability Company; KING CONSULTING INC, a Kansas Corporation; and JOEY KING, an individual <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Xenios, LLC ("Plaintiff" or "Xenios"), by and through the undersigned counsel, and for its Complaint against POS Solutions, LLC d/b/a Integrity POS ("Integrity"); King Consulting Inc. ("King Consulting") and Joey King ("King" and collectively, the "Defendants") alleges and states as follows.

### NATURE OF THE ACTION

1. Plaintiff is seeking monetary damages in an amount no less than $683,861.05 for unpaid revenue generated from sales of software licensing concealed by the Defendants. Plaintiff further seeks a full accounting of Defendant Integrity's books and records and to pierce the Defendants' corporate veil as mere alter egos of one another.

1

2. Xenios and Integrity are in the merchant services industry. Xenios retails a point-of-sale system marketed to bars and restaurants named "2TouchPOS." The 2TouchPOS system allows businesses to track inventory, manage customer transactions, process payments, connect to credit card processing gateways, and more. Xenios owns 100% of the 2TouchPOS intellectual property, including the software.

3. Defendant POS Solutions, LLC, doing business as Integrity POS ("Integrity"), is an independent sales organization selling POS systems and payment processing solutions along with installation and customer support.

4. On October 10, 2010, Defendant King executed a Xenios' Dealer Agreement on behalf of Integrity as principal and owner. A copy of the Dealer Agreement is attached as **Exhibit A**. Since 2015, Integrity has remained the sole authorized dealer of Plaintiff Xenios' "2TouchPos" software products, including software licensing.

5. In the fall of 2024, King offered to sell Xenios' CEO the rights to revenue shares generated from merchant card processing activity. Undertaking due diligence in connection with the potential purchase, Xenios' CEO reviewed the financial statements provided by King in December 2024. Xenios' CEO discovered that Defendants were fulfilling 2TouchPOS software licensing orders without informing Plaintiff or remitting Plaintiff's share of revenue. Indeed, most of

2

Integrity's 2TouchPOS licensing orders and recurring sales were never reported to Xenios.

6. When confronted, King acknowledged that he concealed the sales and that Defendants owe Xenios the total balance of unpaid fees.

7. Xenios calculated the balance of the undisclosed licensing sales to be no less than $770,950.00 through July of 2025.

8. Defendants agreed to repay the balance but only remitted payments of $31,239.75 on May 23, 2025, and $31,850.00 on July 11, 2025, totaling $63,089.75.

9. Xenios applied Defendants' commission for sales for January through May 2025 to the principal balance for an additional payment of $23,999.20.

10. As of August 18, 2025, Defendants owe Xenios no less than $683,861.05 with interest accruing at the pre-judgment rate.

11. Plaintiff sets forth claims for (1) conversion; (2) breach of contract or alternatively unjust enrichment; (3) fraud; (5) open account; (6) an accounting of Integrity's financial records; and (7) a declaratory judgment piercing the corporate veil.

## PARTIES

12. Plaintiff Xenios, LLC is a limited liability company formed under the laws of the State of New York with a principal place of business in Rochester, New York. Xenios is a single-member LLC, with the member being another LLC with

four members that are natural persons. Three members are residents of the State of New York, and one is a resident of the State of Georgia.

13. Defendant POS Solutions, LLC d/b/a Integrity POS is a limited liability company formed under the laws of the State of Kansas with a principal place of business in Stilwell, Kansas. King Consulting is the sole member of POS Solutions, LLC.

14. Defendant King Consulting Inc. is a Kansas Corporation with a principal place of business in Stilwell, Kansas. King Consulting is the sole member and owner of POS Solutions, LLC. Upon information and belief, Joey King and Brooke King are members of King Consulting, and both are residents of the State of Kansas.

15. Defendant Joey King is the owner and managing member of King Consulting Inc. Defendant King is a citizen of the State of Kansas and resides in Johnson County, Kansas.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C.A. § 1332.

17. Further, the Dealer Agreement includes an exclusive jurisdiction and venue provision that provides all litigation related to said Dealer Agreement shall be litigated in the Federal Court in and for Richland County, Ohio.

### FACTUAL ALLEGATIONS

18. Integrity has been an authorized dealer of Xenios's "2ToughPOS" products since at least 2010. In March of 2015, Xenios made Integrity the sole authorized dealer of Xenios' 2TouchPOS products, placing a great deal of trust in the Defendants and agreeing to terminate its dealer program nationwide, save for Integrity.

19. Plaintiff trusted Defendant King and his company Integrity to conduct themselves in a reasonable commercial manner and protect the business interests and reputation of 2TouchPOS products.

20. Digital payment systems require various software and middleware to connect merchants to payment processing gateways necessary to facilitate credit card transactions. 2TouchPOS products provide merchants with integrated access to these digital financial networks. 2TouchPOS products run proprietary software that is exclusive to the 2TouchPOS system.

21. Integrity and Defendant King sold various licenses for software used by the 2TouchPOS system ("2Touch Licenses"). After purchasing the license, merchants pay a $25.00 recurring monthly fee required to use and upgrade the

5

software. Integrity was the first and only dealer to handle 2Touch License orders and recurring orders.

22. Initially, Defendant King placed purchase orders in the Xenios system, and Xenios employees would fill the requests. Defendant King expressed that the arrangement was working too slowly – the merchants wanted the product faster than Xenios could fill the order. Sometime in 2015, Xenios acquiesced to King's complaints and agreed to expand King's access to permit logging and filling the orders without waiting. The parties agreed that King would record the orders, accept payment, and send Xenios its share of the revenue every month. King was to retain a flat fee for each order.

23. Integrity continued to fulfill software licensing orders and remit payment to Xenios every month, providing monthly invoices reflecting purchase orders for licenses and updates. However, Xenios' trust was misplaced – King's invoices only reflected a fraction of the licensing sales.

24. In the fall of 2024, Defendant King approached Xenios' CEO about a potential sale of merchant accounts. As part of the valuation process, Defendant King provided financial statements for Integrity accounts. Xenios' CEO discovered that many of the licensing orders and recurring orders Integrity fulfilled between 2015 and 2024 were never recorded or reflected on the invoices created by King each month. King was retaining 100% of the unrecorded licensing sales.

6

25. Defendant King sold licenses without recording the orders while accepting payments from the merchants – this included the initial costs and recurring monthly fees. As part of his deception, Defendant King properly recorded a certain number of sales each month to keep up appearances. In reality, the merchant financials note licensing payments that far exceed the number of orders documented by Defendants.

26. Upon discovering the discrepancy, Xenios' CEO confronted King, who acknowledged his misconduct and admitted to keeping the money. Defendant King further acknowledged that Xenios is rightfully owed payment for every sale.

27. Xenios reviewed the financials and determined that no less than $770,950.00 was due through July of 2025.

28. King agreed to make a $683,861.05 payment, which remains unpaid as of the date of filing of this Complaint with interest accruing at the pre-judgment rate.

29. Plaintiff has fully performed all obligations under the agreement and has satisfied all conditions precedent to bringing this action.

## FIRST CAUSE OF ACTION

**CONVERSION AGAINST POS SOLUTIONS LLC AND JOEY KING**

30. Plaintiff incorporates the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff owns the 2TouchPOS Licenses and otherwise has all rights to the property. Plaintiff has a legal right to the proceeds from the sale of its 2TouchPOS Licenses.

32. Defendants, without authorization, exercised a right of ownership over the 2TouchPOS Licenses, selling them for profit and retaining the proceeds. Defendants' actions excluded Plaintiff's rights to its property and the disposition thereof.

33. Plaintiff demanded repayment of all proceeds from the licensing sales, and as of the date of this Complaint, Defendants have not turned over any proceeds at issue.

34. Defendants are in possession of money that rightfully belongs to Plaintiff.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer economic harm.

## SECOND CAUSE OF ACTION

**BREACH OF CONTRACT AGAINST DEFENDANT POS SOLUTIONS LLC**

36. Plaintiff incorporates the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiff and Defendant mutually assented to a legally binding agreement whereby Defendant would retain twenty-five dollars for each licensing fee order fulfilled and remit the remainder of the order price to Plaintiff.

38. Plaintiff performed in compliance with the agreement by permitting Defendant to sell software licensing for its products and collect a share of the profit.

39. Defendant breached the agreement by not remitting the revenue from a significant amount of licensing orders it filled without Plaintiff's knowledge.

40. Plaintiff suffered economic damages as a direct result of Defendant's breach of contract.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT AGAINST DEFENDANT POS SOLUTIONS LLC AND JOEY KING

41. Plaintiff incorporates the allegations in paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff pleads a cause of action for unjust enrichment in the alternative, should the agreement between the parties be found to be non-contractual under the law.

43. Xenios conferred a benefit on Integrity by authorizing Integrity to resell its products and license them for profit.

44. Integrity kept over two million dollars of money that was supposed to be paid to Xenios by agreement and understanding of the parties.

45. Defendant King continued to fulfill a small number of licensing orders properly to show Xenios that some sales were generated. Cutting Xenios out of the other transactions was no mistake.

46. Defendant King profited from his misconduct despite knowing his actions were wrong, as evidenced by his admissions to Plaintiff.

47. As of the date of filing this Complaint, Defendants have not returned the more than two million in proceeds generated from Xenios' products for the benefit of Xenios that were deceitfully hidden.

48. Under the circumstances, it would be unjust and unconscionable for Defendants to retain the proceeds.

## FOURTH CAUSE OF ACTION

**FRAUD AGAINST DEFENDANTS POS SOLUTIONS LLC AND JOEY KING**

49. Plaintiff incorporates the allegations in paragraphs 1 through 48 as if fully set forth herein.

50. Integrity and Defendant King knew material facts that Xenios did not. Xenios was not aware of the software licensing sales.

51. Defendant King's position as a trusted dealer, indeed the sole authorized dealer, of 2TouchPOS required disclosure of all sales for its software licensing.

52. The relationship between the parties, customs in the trade, and objective circumstances referenced in the preceding allegations created a duty requiring Integrity and Defendant King to disclose the existence of all software licensing sales and the facts and circumstances thereof.

53. Defendant King was required to report all sales to Xenios and have the orders properly recorded. Defendant King knowingly concealed sales and kept the revenue.

54. Defendant King intentionally hid the sales from Xenios. The intentional nature of his conduct is evident from the fact that he correctly processed a portion of the sales to show some sales to Xenios, but hid the actual extent.

55. Xenios reasonably relied on the sales reports of its own authorized dealer and longstanding business relations.

56. As a direct result of Defendants' actions, Xenios suffered and continues to suffer economic damage.

57. Defendants Integrity and Joey King's actions were willful, wanton, and fraudulent, warranting an award of punitive damages in addition to actual damages.

## FIFTH CAUSE OF ACTION

### OPEN ACCOUNT AGAINST DEFENDANT POS SOLUTIONS LLC

58. Plaintiff incorporates the allegations in paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to permit Defendant to sell products on an open account basis.

60. Pursuant to the agreement, Defendant made sales of Plaintiff's products, including software licensing, beginning in 2015 and continuing through the present.

61. Defendant agreed to pay Plaintiff the proceeds from the sale of its products every month, retaining only a flat fee.

62. As of the date of this Complaint, the total amount due and owing on the open account by Defendant to Plaintiff is no less than $683,861.05, which represents the balance of unpaid invoices for the sale of Plaintiff's licensing products.

63. Despite repeated demands for payment, Defendant has failed and refused to pay the outstanding balance due on the open account.

64. Plaintiff is entitled to recover the full amount due, plus interest at the statutory rate from the date the balance became due, and any additional costs and fees as permitted by law.

## SIXTH CAUSE OF ACTION

### ACCOUNTING AGAINST POS SOLUTIONS LLC

65. Plaintiff incorporates the allegations in paragraphs 1 through 64 as if fully set forth herein.

66. Integrity concealed the sales and profits of Xenios products.

67. Xenios determined that over two million dollars in software licensing sales were concealed when Xenios' CEO was reviewing financial documents for an unrelated transaction.

68. An accounting of POS Solutions LLC d/b/a Integrity POS books and records is required to determine the extent of the injury.

## SEVENTH CAUSE OF ACTION

### TO PIERCE THE CORPORATE VEIL AS TO POS SOLUTIONS LLC, KING CONSULTING INC., AND JOEY KING

69. Plaintiff incorporates the allegations in paragraphs 1 through 68 as if fully set forth herein.

70. Upon information and belief, Defendant Joey King is the managing member and owner of Defendant King Consulting Inc., which is the managing member and owner of POS Solutions, LLC.

71. Defendant King used POS Solutions, LLC to promote a fraud of injustice against Xenios by concealing software licensing sales.

72. It would be unjust to permit Defendant King to avail himself of the protection of the corporate form.

73. The corporate veil should be pierced as to all Defendants.

**WHEREFORE**: Plaintiff respectfully requests judgment as follows:

I. For the First Cause of Action, Plaintiff Xenios, LLC demands judgment against Defendants POS Solutions, LLC and Joey King as follows:

   a. Monetary damages to be determined at trial in an amount no less $683,861.05;

   b. Pre- and post-judgment interest and costs; and

   c. Any such other and further relief as the Court deems just and proper.

II. For the Second Cause of Action, Plaintiff Xenios, LLC demands judgment against Defendant POS Solutions, LLC as follows:

   a. Monetary damages to be determined at trial in an amount no less $683,861.05;

   b. Pre- and post-judgment interest and costs; and

   c. Any such other and further relief as the Court deems just and proper.

III. For the Third Cause of Action, Plaintiff demands judgment against Defendants POS Solutions, LLC and Joey King as follows:

   a. Monetary damages to be determined at trial in an amount no less $683,861.05;

   b. Pre- and post-judgment interest and costs; and

   c. Any such other and further relief as the Court deems just and proper.

IV. For the Fourth Cause of Action, Plaintiff Xenios, LLC demands judgment against Defendants POS Solutions, LLC and Joey King as follows:

   a. Monetary damages to be determined at trial in an amount no less $683,861.05;

   b. Punitive damages;

   c. Pre- and post-judgment interest and costs; and

   d. Any such other and further relief as the Court deems just and proper.

V. For the Fifth Cause of Action, Plaintiff Xenios, LLC demands judgment against Defendant POS Solutions LLC as follows:

      a. The sum of the balance due on the open account;

      b. Prejudgment interest at the statutory rate from the date the balance became due until the date of judgment;

      c. An award of costs associated with pursuing the claim; and

      d. Any such other and further relief as this Court deems just and proper.

VI. For the Sixth Cause of Action, Plaintiff Xenios, LLC demands judgment against Defendant POS Solutions LLC as follows:

      a. An order compelling a complete accounting of all sales involving Xenios, LLC's products;

      b. A complete accounting of all sums collected from sales of Xenios, LLC's products;

      c. An award of costs associated with pursuing the claim; and

      d. Any such other and further relief as this Court deems just and proper.

VII. For the Seventh Cause of Action, Plaintiff Xenios, LLC demands judgment against all Defendants as follows:

      a. A declaration that POS Solutions, LLC and King Consulting Inc. are alter-egos of one another;

      b. Defendants are held jointly and severally liable for the damages any Defendant awarded to Plaintiff in this matter;

      c. An award of costs associated with pursuing the claim; and

      a. Any such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

                                  */s/ Andrew P. Guran*
                                  Andrew P. Guran (0090649)
                                  **Vorys, Sater, Seymour and Pease LLP**
                                  50 S. Main Street, Suite 1200
                                  Akron, Ohio 44308

Telephone: (330) 208-1143
Facsimile: (330) 208-1050
apguran@vorys.com

Peter N. Kessler (PHV forthcoming)
Kyle J. Generelli (PHV forthcoming)
**Griffin Partners LLP**
123 S. Broad Street, Suite 1850
Philadelphia, PA 19109
Telephone: (267) 499-3282
peter@griffinpartners.us
kyle@griffinpartners.us

*Attorneys for Plaintiff Xenios, LLC*